58

# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Northern Virginia Law School, Inc.

v.

City of Alexandria et al.

May 19, 1988

Case No. (Chancery) 18304

By JUDGE DONALD H. KENT

This case is before the Court on Defendants' Demurrer to the Petition of Complaint filed by Plaintiff Northern Virginia Law School, Inc. (NVLS).

The Petition of Complaint alleges that the Defendants have prevented NVLS from making "economic use" of a parcel of land, 4103 Duke Street, which NVLS owns. NVLS claims that the property located at 4103 Duke Street has been rendered valueless due to Alexandria zoning ordinances which have classified the property as residential rather than commercial. NVLS complains that it is not "legally or economically" possible to use the property for residential purposes because there is no public easement or any access to a public street. An adjoining lot, 4105 Duke Street, is zoned commercial and is currently both owned and used by NVLS.

In October, 1986, NVLS applied to the Alexandria City Council to change the zoning classification of the 4103 Duke Street property from residential to commercial. Defendants denied this request in December, 1986. Based on this decision, Plaintiff asserts a claim under 42 U.S.C. § 1983 against the members of the Alexandria City Council (Count I). By denying the rezoning request, NVLS claims that Defendants have taken its property for a private purpose without compensation in violation of Article I,

Sect. 11, of the Virginia Bill of Rights (Count II). Plaintiff seeks damages under both federal and state law for "inverse temporary condemnation" allegedly caused by Defendants' actions (Count I and III). NVLS asks for injunctive relief to prevent the NVLS from having to pay property taxes and maintain the property during the time period when the NVLS cannot use the property (Count I and II). In addition, NVLS requests this Court to order a re-zoning due to the allegedly arbitrary and capricious nature of the foregoing zoning decisions (Count IV).

The Defendants demur to Counts I through III alleging that each count is barred by the applicable statute of limitations. In support of this argument, Defendants attempt to characterize all of Plaintiff's claims as actions contesting the City's rezoning decision. If Plaintiff's claims were to be characterized this way, they would be controlled by the statute of limitation set forth in § 15.1-494(G) of the Code of Virginia (Repl. Vol. 1981) as amended. However, the Court does not agree with Defendants' statement that "(a) claim that a zoning ordinance works an unconstitutional taking of property is just as much a contest of the legislative decision as is a claim that a zoning ordinance is arbitrary and capricious." (P. 8, Post Hearing Memorandum). This action is not brought solely to contest the City's zoning decision. instead, Plaintiff seeks not only to change the zoning classification, but also to be compensated for the financial burden allegedly created by the "temporary inverse condemnation." In addition, Plaintiff seeks damages and injunctive relief to release NVLS from the obligations of paying real estate taxes and maintaining the property. Clearly, an action brought to challenge the City's zoning decision can be distinguished from an action brought to seek compensation for the alleged taking of plaintiff's property. These causes of action are not the same simply because an act of temporary inverse condemnation was allegedly caused by the City's decision to zone the 4103 Duke Street property as residential. Once these causes of action have been determined to be separate and distinct, one cannot attempt to apply the statute of limitations applicable to challenging the City's zoning decision, i.e., Va. Code § 15.1-494(G), to an action for inverse condemnation. *See* Va. Code § 8.01-246(4) (Repl. Vol. 1984); *Prendergast v. Northern Virginia Regional*

*Park Authority*, 227 Va. 190, 313 S.E.2d 399 (1984). Thus, the demurrers to Counts I, II, and III based on this argument cannot be sustained.

Count IV challenges the City's denial of Plaintiff's rezoning request as an "arbitrary and capricious" action and asks this Court to order a rezoning. It appears from the pleadings that NVLS made its original application for rezoning in October, 1986. This request was denied two months later. According to Va. Code § 15.1-494(G), Plaintiff had sixty days following the Defendants' December, 1986, decision against rezoning within which to file an action. Plaintiff's failure to timely challenge the Defendants' zoning decision has allowed the applicable statute of limitations to run. Thus, because this part of Plaintiff's complaint is time-barred, Defendants' Demurrer to Count IV shall be granted.

Although Plaintiff's pleadings do not clearly specify a request for declaratory relief, one must assume that Plaintiff intends to ask this court to declare that there has been a taking of the property thereby necessitating the payment of just compensation. *See Board of Supervisors of James City County v. Rowe*, 216 Va. 128, 216 S.E.2d 199 (1975). The general rule is that in an action for a declaratory judgment, if the plaintiff's pleading alleges the existence of an actual or justiciable controversy, it states a cause of action and is not demurrable. At this time, this Court is not prepared to rule, based on Defendants' submissions, on the issue of whether Plaintiff has succeeded in setting forth a valid cause of action. For this reason, the Demurrers to Counts I through III must be overruled.